BERMAN et al. v. THONE.

(Supreme Court, Appellate Term.　May 7, 1909.)

1. LANDLORD AND TENANT (§ 231*)—LEASE—SURRENDER AND ACCEPTANCE—SUFFICIENCY OF EVIDENCE.

In an action for rent, evidence held to show that defendant had surrendered his lease and that plaintiff accepted the same.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

2. LANDLORD AND TENANT (§ 231*)—SURRENDER OF LEASE—ACCEPTANCE OF OTHER TENANT—TERMINATION OF RELATION—SUFFICIENCY OF EVIDENCE.

In an action for rent, evidence held to show that plaintiffs accepted another tenant prior to the expiration of the term, and that thereafter the relation of landlord and tenant did not exist between plaintiffs and defendant.

[Ed. Note.—For other cases, see Landlord and Tenant, Dec. Dig. § 231.*]

Appeal from Municipal Court, Borough of Manhattan, Third District.

Two actions by Louis Berman and Zelda Schwartz against Joseph Thone. Judgment for plaintiffs, and defendant appeals. Judgment in each case reversed, and the complaints dismissed.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Deyo & Bauerdorf (Howard C. Taylor, of counsel), for appellant.
Leo Schafran, for respondents.

PER CURIAM. These actions were to recover rent, and were tried together without a jury. Plaintiffs had judgment. Defendant appeals.

Defendant was a tenant under a written lease which expired November 15. 1908. On September 19, 1908, he sold his business to

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Cutler and assigned the lease to his vendee with the written approval of the lessors. Plaintiffs desiring security on the transaction, defendant gave his note for $75, one month's rent, payable on demand. Cutler paid the October rent and remained in possession until November 16, 1908. On November 18, 1908, defendant took up the $75 note. Plaintiff's agent sought to have this $75 applied as rent for the month ending December 15, 1908; but defendant refused, so that he obtained a receipt indorsed on the rent receipt as follows: "This pays the note for $75 from Mr. Thone to Mr. Schwartz, and will be returned by Saturday"—and accordingly that note was returned to defendant. These facts show a completed surrender and acceptance.

It seems that, when Cutler left the premises, Reimer Bros., his creditors, holding a mortgage on his fixtures, took possession to close out the business. Defendant, related by marriage to Reimer Bros., had entered their employ, and during certain afternoons and evenings attended at these premises to assist another employé of Reimer Bros. While so engaged, and on December 1, 1908, defendant collected $4 for one-half month's rent of a cellar. Shortly after December 15, 1908, defendant and Mr. Reimer called on Mr. Schwartz and left the keys, which Mr. Schwartz refused to receive, although they were left with him. Thereupon these actions were brought to recover the rent for the months commencing December 15, 1908, and January 15, 1909.

No evidence was offered to show that, after their acceptance of Cutler as a tenant, plaintiffs sought to make any new agreement with defendant or Reimer Bros. It was their duty to know who occupied the premises after the expiration of the lease, and if they did not want Reimer Bros. there they could have prevented their occupancy, or if they were willing to have them there as tenants at will, with a claim for use and occupation, they had that right. The collection of the $4 by defendant was the act of Reimer Bros., by their employé, as he then had no contractual relation to the plaintiffs. There was not only a failure to show that the defendant held over after his term, but it clearly appears that the landlord accepted another tenant prior to the expiration of the term, and that thereafter the relation of landlord and tenant has not existed between plaintiffs and defendant.

The judgments in each case must be reversed, and the complaints therein dismissed, with costs to the appellant in each case.